[Cite as *State v. Small*, 2015-Ohio-3640.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | No. 14AP-659 |
| State of Ohio, | | (C.P.C. No. 11CR11-5805) |
| | : | No. 14AP-660 |
| Plaintiff-Appellee, | | (C.P.C. No. 12CR05-2601) |
| | : | No. 14AP-661 |
| v. | | (C.P.C. No. 11CR10-5413) |
| | : | No. 14AP-663 |
| Mykel L. Small, | | (C.P.C. No. 11CR06-3452) |
| | : | |
| Defendant-Appellant. | | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on September 8, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellant.

*Mykel L. Small*, pro se.

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Mykel L. Small, appeals from judgments of conviction entered in these consolidated cases by the Franklin County Court of Common Pleas. For the following reasons, we affirm in part and reverse in part those judgments and remand the matter for further proceedings in accordance with this decision.

## I. Factual and Procedural Background

{¶ 2} In 2011 and 2012, Franklin County Grand Juries issued four separate indictments against appellant. On July 29, 2014, the same trial court judge sentenced appellant after he entered guilty pleas to offenses in each of the cases.

{¶ 3} In case No. 14AP-659, appellant pled guilty to one count of attempted failure to appear in violation of R.C. 2937.99. The trial court found appellant guilty and sentenced him to a prison term of 12 months to be served concurrently with all of the other cases.

{¶ 4} In case No. 14AP-661, appellant pled guilty to one count of aggravated possession of drugs in violation of R.C. 2925.11. The trial court found appellant guilty and sentenced him to a prison term of eight years. The trial court ordered that term to be served concurrently with the sentence imposed in case Nos. 14AP-663 and 14AP-659, but consecutively to the prison terms imposed in case No. 14AP-660.

{¶ 5} In case No. 14AP-660, appellant pled guilty to counts of vehicular assault in violation of R.C. 2903.08, failure to stop after an accident in violation of R.C. 4549.02, and operating a vehicle while under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19. The trial court found appellant guilty and sentenced him to prison terms of 12 months for the vehicular assault charge, 12 months for the failure to stop after an accident charge, and 180 days for the OVI charge. The trial court ordered that the OVI sentence be served concurrently with the sentence in case No. 14AP-659, but consecutively with the two other sentences in this case as well as the sentence in case No. 14AP-661.

{¶ 6} In case No. 14AP-663, appellant pled guilty to one count of attempted identity fraud in violation of R.C. 2913.49. The trial court found appellant guilty and sentenced him to jail for 180 days, which was suspended for time already served.

## II. Appellant's Appeal

{¶ 7} Appellant appeals and assigns the following errors:

> [1.] Appellant's guilty pleas to the three offenses comprising case no. [14AP-660], * * * were not knowingly, intelligently, and voluntarily entered because the State failed to adhere to the terms of the agreement made between the parties at the time of the said pleas. These actions violated Appellant's due process rights memorialized in the Fifth and Fourteenth

Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution and Rule 11(F) of the Ohio Rules of Criminal Procedure.

[2.] Because the record does not support the lower court's consecutive sentence findings under R.C. 2929.14(C)(4) its imposition of consecutive punishment was contrary to law. These actions violated R.C. 2953.08(G)(2) and the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution.

[3.] The lower court abused its discretion and imposed a sentence contrary to law when it ordered Appellant to pay mandatory fines in the amount of $10,000 relative to case no. [14AP-661] and $1,075 relative to case no. [14AP-660] despite Appellant being an indigent person in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, Article I, Sections 1 and 16 of the Ohio Constitution, R.C. 2929.18(B)(1), and R.C. 2929.28(B).

[4.] Appellant's guilty plea to vehicular assault was not knowingly, intelligently, and voluntarily entered because at sentencing he was subjected to penalties in excess of those communicated to him at the time of his guilty plea in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, Article I, Sections 1 and 16 of the Ohio Constitution, and Rule 11 of the Ohio Rules of Criminal Procedure.

[5.] The lower court abused it discretion and imposed a sentence contrary to law when it ordered that the jail term for the misdemeanor offense of operating a motor vehicle while under the influence of alcohol or drugs be served consecutively to Appellant's felony convictions for failure to stop after an accident and aggravated possession of drugs in violation of the Fifth and Fourteenth Amendments of the United States Constitution, Article I, Sections 1 and 16 of the Ohio Constitution, and R.C. 2929.41(A).

[6.] The lower court abused its discretion and imposed sentences contrary to law with respect to case nos. [14AP-661] and [14AP-660] in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, Article I, Sections 1 and 16 of the Ohio Constitution, and R.C. 2953.08(A)(4).

{¶ 8} Additionally, we granted appellant's pro se motion to file supplemental assignments of error. Those errors are:

> [7.] I was confused about what my penalties actually were, because the judges advice differed from the plea agreement I signed. Not that I did not understand the plea agreement I signed, however, I naturally gave more weight to the judges words in making my decision. I took the judges words to be more credible, and if his words had no significance I don't understand why I was subject to him explaining my penalties. All it did was confuse me and make me think I was facing less time than I originally thought. And it ultimately effected my decision. My plea was not knowingly, or intelligently made in respect to case no. [14AP-660].

> [8.] I was not given an option of whether I wanted to move forward or not with my plea, as the judge advised me that I would have this option. There was a discussion at my plea hearing * * *. This discussion concerned my sentences being run consecutive or concurrent. At the end of this discussion the understanding in the courtroom was that there would be no problem running my sentences concurrent, unless O.R.C. 2929 posed a problem, and that it wouldn't be known for sure if it did, until sentencing. I was then told by [the trial court] if that was the case and it did pose a problem that it would be gone over with, with me at that time, and I would have an option of whether I wanted to move forward or not. Everyone in the courtroom agreed to this. At sentencing this was never clarified or even brought up. The judge said it would only be gone over with me if there was a problem. So when it was not mentioned I thought there was no problem as discussed before. However there was a problem, and [the trial court] specifically used O.R.C. 2929.14(C)(4)(a) to find it important that consecutive sentences be issued. * * * There was no going over this with me, and I was not given any option of whether I wanted to move forward or not as the judge told me I would be given if these circumstances arised. The specific circumstances that were mentioned did arise, but I was not given the option that I was told I would have under these circumstances, and now that court has no jurisdiction over my case for me to withdraw my plea. So it is not in question, my decision would have been not to move forward and to go to trial instead. The judges advice that I would have an option played a big part of my decision to plea guilty. My rights of due process were violated, and my plea was not knowing, intelligent, or voluntarily made, in respect to case no. [14AP-660].

[9.] With respect to case no. [14AP-661], I was not advised nor did I understand that I had the right to separate juries for each trial. Resulting from the explanation by the court and the plea form, my understanding was that I could pick a jury and go to trial on 1,2, or 3 of my cases. * * * I was ill advised by the court and did not understand that I could have a different jury for each trial. Under the influence that I'd have to go through more than one trial in front of the same jury, I was deterred from trial, because I did not want to be prejudiced by a jury knowing I had more than one case pending. Otherwise, I would have went to trial on 2 of the cases being [14AP-661] and [14AP-663] and had a different jury for each trial. The statement made by the courts advising that I could remain silent through the whole proceeding * * * furthered my understanding that all of my trials would be held in one proceeding. I did not give up my right to have a different jury for each case because I did not even know I had that right. My plea was less than knowingly, intelligently, and voluntarily made.

[10.] I did not understand that I could have witnesses called to my trial. The way it was explained to me was that I could have witnesses come that day. * * * I did not knowingly give up my right to have witnesses at trial.

[11.] Concerning case no. [14AP-661] I was advised by the courts that by pleading guilty, I would not be able to possess a firearm in the state of Ohio. * * * I have since learned that this is not true and in fact I can not possess a firearm in any state in the United States. I did not understand that I would be effected in this way, because the court misled me be telling me I wouldn't be able to possess a firearm in Ohio, when in fact I now can not possess one in the entire United States. I was not advised of this penalty making my plea not knowingly, intelligently, and voluntarily made.

(Sic passim.)

{¶ 9} We address the assignments of error out of order and in some instances collectively for analytical clarity.

### A. The First, Fourth, Seventh, and Eighth Assignments of Error— the Guilty Plea in Case No. 14AP-660

{¶ 10} In these assignments of error, appellant argues that the trial court violated Crim.R. 11 by accepting the guilty pleas he entered to counts of vehicular assault, failure to

stop after an accident, and OVI because they were not made knowingly, intelligently, or voluntarily. We disagree.

{¶ 11} A guilty plea that is not knowing, intelligent, and voluntary does not comport with due process and violates the Ohio and United States Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). To help ensure that guilty pleas are knowingly, intelligently, and voluntarily made, Crim.R. 11(C) sets forth specific requirements for a trial judge to follow when accepting a guilty plea. *State v. Akbari*, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 9, citing *State v. Owens*, 181 Ohio App.3d 725, 2009-Ohio-1508, ¶ 45 (7th Dist.). Among other requirements, the rule requires a trial court to determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and of the maximum penalty involved, and to inform the defendant of and determine that the defendant understands the effect of the plea of guilty. Crim.R. 11(C)(2)(a) and (b). A trial court need only substantially comply with these non-constitutional requirements of Crim.R. 11. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. Substantial compliance means that, under the totality of the circumstances, the defendant objectively understands the implication of his plea and the rights he is waiving. *State v. Jones*, 10th Dist. No. 03AP-20, 2003-Ohio-4513, ¶ 7, citing *State v. Carter*, 60 Ohio St.2d 34, 38 (1979). Additionally, even if a trial court does not substantially comply with Crim.R. 11, a defendant must also demonstrate prejudice as a result. *State v. Terrell*, 10th Dist. No. 09AP-1003, 2010-Ohio-3026, ¶ 8. In order to establish prejudice in this context, appellant must show that he would not have entered his guilty plea but for the trial court's failure to comply with Crim.R. 11. *State v. Green*, 10th Dist. No. 10AP-934, 2011-Ohio-6451, ¶ 12.

{¶ 12} Appellant first argues that he was not correctly informed of the length of the driver's license suspension he faced as the result of his guilty pleas. We agree. Specifically, before accepting appellant's guilty plea in this case, the trial court instructed appellant that he faced a mandatory license suspension on all of the counts but that the longest suspension would be a Class 4 suspension for up to five years. (May 20, 2014, Tr. 7-8.) Appellant replied that he understood that. At sentencing, however, the prosecutor requested a Class 3 license suspension on that charge that could last from two to ten years. (July 28, 2014, Tr. 2.) The trial court imposed a ten-year license suspension and

appellant did not object. Thus, the trial court did not correctly inform appellant of the possible license suspension. Our analysis does not end there, however; appellant must still demonstrate prejudice as a result. *Terrell*.

{¶ 13} Appellant claims that it is reasonable to conclude that he would not have entered his guilty plea had he known his license could be suspended for up to ten years. We find this claim unpersuasive. *State v. Jones*, 12th Dist. No. CA2002-10-113, 2003-Ohio-2926, ¶ 14 (rejecting same claim). Although appellant's license suspension was five years longer than the suspension he expected based upon what the trial court had previously told him, he did not object when the longer suspension was imposed. Additionally, by agreeing to enter the guilty plea, appellant received the benefit of having two charges against him dismissed and the state agreeing not to comment at sentencing. In light of these circumstances, we do not find it credible that appellant would not have entered his guilty plea based upon the five-year difference in the driver's license suspension. *See State v. Rusu*, 9th Dist. No. 25597, 2012-Ohio-2613, ¶ 9 (no prejudice where difference in license suspension informed of versus actually received was one year); *State v. Ingram*, 10th Dist. No. 01AP-854 (Mar. 5, 2002) (no prejudice where defendant not informed of possible suspension at plea hearing but received three-year suspension).

{¶ 14} Appellant also claims that he was confused about the possible penalties he faced because what the judge told him differed from what was in the plea agreement. To the extent that this argument differs from the license suspension issue we have already resolved, we reject it. At his plea hearing, the trial court advised appellant that he faced maximum prison terms of 18 months for the vehicular assault count, 12 months for the failure to stop after an accident count, and 6 months for the OVI count. In his entry of guilty plea form, appellant was informed of the same possible penalties.

{¶ 15} Appellant also argues that the state failed to adhere to the terms of his plea agreement in case No. 14AP-660. At the plea hearing, the trial court noted that the prosecutor and appellant jointly agreed to the preparation of a presentence investigation before sentencing and that the state would defer to the trial court on sentencing. Specifically, the trial court told appellant that "at the time of sentencing, unless there's something that comes up that nobody knows about, [the prosecutor] has agreed to keep

his mouth closed and not make any commentary about what should happen to you." (May 20, 2014 Tr. 16.)

{¶ 16} At sentencing, the prosecutor in case No. 14AP-660 did not make any comments on appellant's possible sentences in that case. The prosecutor for the other cases, however, stated to the trial court that "[t]he State originally offered to wrap up all cases between 10 and 15 years. The State would ask for a high number in this case, the drug case alone, not to mention all the other criminal conduct." (July 28, 2014 Tr. 4.) That same prosecutor also noted to the trial court that the offenses in case No. 14AP-660 were committed while the charges in case No. 14AP-661 were pending, a factor trial courts may consider in deciding whether to impose consecutive sentences. By these comments, appellant contends that the state violated its agreement to defer to the trial court on sentencing in case No. 14AP-660. We disagree.

{¶ 17} Trial counsel did not object to the prosecutor's comments. He has, therefore, forfeited any error absent plain error in this regard. *State v. Ahlers*, 6th Dist. No. E-14-005, 2015-Ohio-131, ¶ 15.

{¶ 18} A prosecutor's failure to comply with the terms of a plea agreement may, in some circumstances, render a defendant's plea involuntary and undermine the constitutional validity of a conviction based upon that plea. *State v. Namack*, 7th Dist. No. 01 BA 46, 2002-Ohio-5187, ¶ 25, citing *Blackledge v. Allison*, 431 U.S. 63 (1977). Here, the prosecutor agreed to defer to the trial court for sentencing in case No. 14AP-660. Such an agreement by the prosecution to stand mute or to take no position on the sentence does not entirely preclude the government's participation in the sentencing hearing; instead, such an agreement merely restricts the government from attempting to influence the sentence by presenting the court with conjecture, opinion, or disparaging information already in the court's possession. *State v. Ross*, 179 Ohio App.3d 45, 2008-Ohio-5388, ¶ 14 (6th Dist.), citing *State v. Crump*, 3d Dist. No. 8-04-24, 2005-Ohio-4451, ¶ 11. "Efforts by the Government to provide relevant factual information or to correct misstatements are not tantamount to taking a position on the sentence and will not violate the plea agreement." *Id.*

{¶ 19} The prosecutor's comments did not breach the agreement to defer to the trial court at sentencing. The prosecutor who asked for a long prison term did so in

appellant's three other cases.  Accordingly, we interpret the use of the plural "cases" in his comment to refer to the other three cases, not to case No. 14AP-660.  Additionally, the prosecutor's statement that appellant committed some offenses while other charges were pending is a factual statement that does not violate an agreement to defer to the trial court on sentencing.  *Ross*.  We reject appellant's claim that the prosecutor breached his plea agreement.

{¶ 20} Lastly, appellant argues the trial court breached its promise to him when, at sentencing, it failed to give him the opportunity to withdraw his guilty plea for the failure to stop offense in case No. 14AP-660.  During appellant's plea hearing, the trial court discussed whether it could impose a concurrent sentence for the failure to stop offense or whether a consecutive sentence was mandatory.  The prosecutor was not sure.  Because of this uncertainty, the trial court advised appellant that if it turned out that a consecutive sentence was statutorily required, it would permit appellant to withdraw his plea to that offense.

{¶ 21} A prison sentence imposed for a violation of R.C. 4549.02 (failure to stop) does not have to be served consecutively to other prison terms imposed for the other violations in case No. 14AP-660.  Accordingly, we reject appellant's claim the trial court breached its promise because the predicate for the promise was not satisfied.  In addition, appellant did not raise this issue at sentencing or otherwise object on this basis.

{¶ 22} For all these reasons, we overrule appellant's first, fourth, seventh, and eighth assignments of error.

### B.  Ninth, Tenth, and Eleventh Assignments of Error—Guilty Plea in Case No. 14AP-661

{¶ 23} In these assignments of error, appellant contends that his guilty plea to a count of aggravated drug possession was not knowingly, intelligently, and voluntarily made.  Specifically, he argues that the trial court did not advise him of a right to have a separate jury trial on each of his four cases, his right to call witnesses, and the effect his convictions would have on his right to possess a firearm.  We reject each argument.

{¶ 24} In addition to the nonconstitutional rights described above, Crim.R. 11 also requires trial courts to advise a defendant entering a guilty plea of certain constitutional rights that are waived as the result of a guilty plea.  Crim.R. 11(C)(2)(c).  Those rights

include the right to a jury trial and the right to compel witnesses to testify by compulsory process. The trial court must advise the defendant of those rights in a manner that is reasonably intelligible to the defendant. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 14. A trial court must strictly comply with these constitutional requirements of the rule. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 31.

{¶ 25} The trial court's comments at the plea hearing for case No. 14AP-661 refute appellant's first two arguments.[1] At that hearing, the trial court advised appellant that he had the absolute right to a trial in each of the cases, be it a jury trial or a trial to the court. The trial court specifically informed him that he could "try one to a jury, two to a jury, three to a jury, one to me, two to me, three to me. It's strictly your decision." (Nov. 18, 2014 Tr. 12.)[2] Additionally, the trial court advised appellant that he had the right to "compulsory subpoena process" to require witnesses to appear at the trial that was to start that day. The trial court advised him that his attorney could issue a subpoena to require the witness to appear and that if they failed to show up, a deputy would bring them into court. (Nov. 18, 2014 Tr. 14.) Appellant stated that he understood he was giving up these rights by entering his guilty plea. The trial court's explanation of the right to a jury trial as well as the right to compulsory process was a reasonably intelligible explanation of those rights and strictly complied with Crim.R. 11(C)(2)(c).

{¶ 26} Last, the trial court also told appellant that he would not be able to possess a firearm in Ohio by entering his guilty plea. Appellant now claims, however, that the trial court should have also told him that his conviction would bar him from possessing a firearm in all of the states in the United States. We disagree. Even if we assume that appellant's conviction does bar him from possessing a firearm in all of the states, appellant provides no support for the proposition that a trial court must advise him of the possible consequences of his conviction in every other state.

---

[1] At the same hearing, appellant also entered guilty pleas in case Nos. 14AP-659 and 14AP-663. Appellant entered his guilty plea in case No. 14AP-660 at a subsequent hearing. Appellant does not challenge his pleas in these cases.

[2] We also reject appellant's argument that the trial court's advisement of his right against self-incrimination implied that he could only have one trial. In discussing that right, the trial court told him that "this is your right and your right alone. You could testify in one, two, or three of the trials or remain silent throughout the whole proceeding. It's strictly your decision." (Nov. 18, 2014 Tr. 13.)

{¶ 27} The trial court complied with Crim.R. 11 when it accepted appellant's guilty pleas in these cases. Accordingly, we overrule appellant's ninth, tenth and eleventh assignments of error.

### C. Appellant's Remaining Assignments of Error–Sentencing Issues

{¶ 28} Appellant's remaining assignments of error each address different aspects of his sentencing in these cases.

### 1. Consecutive Sentences

{¶ 29} Appellant alleges in his second assignment of error that the record does not support the trial court's imposition of consecutive sentences in these cases. He also contends that the trial court failed to incorporate its required findings into his sentencing entry.

{¶ 30} In order to impose consecutive sentences, a trial court must make findings required by R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 26. That statute provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 31} A word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.* at ¶ 29.

{¶ 32} At appellant's sentencing hearing, the trial court made the following findings to support its imposition of consecutive sentences:

> Under 2929.14(C)(4)(a), in particular, I find that it is important in this circumstance to issue consecutive sentences, that it is not disproportionate. I also note that it is to protect the public from future crimes and/or punishments and also to punish the offender and that it is not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. In particular, he committed offenses while awaiting trial; and he was also involved with multiple defendants, at least with the drug conspiracy. Under Section B there were multiple offenses over a period of time; and the course of conduct since it was involved with a criminal enterprise.

(July 28, 2014 Tr. 9-10.)

{¶ 33} With these findings, we can discern that the trial court engaged in the correct analysis in deciding whether to impose consecutive sentences. *Id.*[3] We also reject appellant's argument that the record does not support these findings. According to the prosecutor's recitation of facts, appellant was a leader in a large drug ring obtaining and selling drugs in the area. In regards to the other case, appellant was driving his car well over the legal limit and caused an accident which severely injured one victim. He then fled the scene. Those offenses were committed while his drug case was pending. Further, as appellant's trial counsel acknowledged, appellant had a lengthy criminal history beginning as a juvenile and continuing through adulthood. These facts provide adequate support for the trial court's findings. *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-

---

[3] We reject appellant's argument that the trial court had to link these findings to specific offenses. Appellant had not provided any support for such an argument and we find none in R.C. 2929.14(C)(4), which only requires the trial court to make findings.

4696, ¶ 41 (facts as set forth by prosecutor support trial court's findings imposing consecutive sentences).

{¶ 34} The trial court did not, however, incorporate its findings into appellant's sentencing entries. The *Bonnell* court concluded that such an omission could be corrected through a nunc pro tunc entry. *Id.* at ¶ 30. Thus, we must remand this matter for the trial court to issue a corrected sentencing entry. *State v. Orr*, 8th Dist. No. 101582, 2015-Ohio-1738, ¶ 19, citing *Bonnell*.

{¶ 35} For these reasons, we sustain in part and overrule in part appellant's second assignment of error.

### 2. The Waiver of Fines

{¶ 36} Appellant alleges in his third assignment of error that the trial court improperly ordered him to pay fines in case Nos. 14AP-660 and 14AP-661 because he was indigent. We disagree.

{¶ 37} The trial court ordered appellant to pay a mandatory $1,075 fine for his OVI conviction in case No. 14AP-660. The trial court also imposed a mandatory $10,000 fine for his drug conviction in case No. 14AP-661. Appellant objected to the fines, noting that he had filed an affidavit of indigency seeking the waiver of any fines. In it, appellant claimed to have no income and no assets. The trial court denied the objection.

### a. Appellant's Drug Conviction Fine

{¶ 38} R.C. 2929.18(B)(1) requires a sentencing court to impose a fine for any first, second, or third degree felony violation of R.C. Chapter 2925. Because appellant's drug conviction was such a violation, the trial court was required to impose a fine of no more than $20,000 but no less than $10,000. *See also* R.C. 2929.18(A)(3)(a) (fine for felony of the first degree).

{¶ 39} R.C. 2929.18(B)(1) also provides that "[i]f an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." Therefore, imposition of a mandatory fine is required unless (1) the offender's affidavit is filed prior to sentencing, and (2) the trial court finds

that the offender is an indigent person and is unable to pay the mandatory fines. *State v. Heddleson*, 7th Dist. No. 08 BE 41, 2010-Ohio-1107, ¶ 12.

{¶ 40} An offender who files an affidavit of indigency alleging indigency and the inability to pay a mandatory fine is not automatically entitled to a waiver of that fine. *State v. Gipson*, 80 Ohio St.3d 626, 634 (1998). The burden is on the offender to affirmatively make that demonstration. *Id.* A determination to impose or waive a fine rests within the sound discretion of the trial court. *State v. Brinkman*, 168 Ohio App.3d 245, 2006-Ohio-3868, ¶ 13 (6th Dist.), citing *Gipson*. The court shall consider the offender's present and future ability to pay the amount of the sanction or fine. When determining someone's ability to pay, a court may hold a hearing on the issue, but a hearing is not required. *State v. Hartsell*, 6th Dist. No. L-03-1039, 2004-Ohio-1331, ¶ 5.

{¶ 41} Here, while appellant did file an affidavit of indigency, that affidavit was for purposes of appointment of counsel and only addressed his then-current financial situation. It did not address his future ability to pay the fine. A determination that a criminal defendant is indigent for the purposes of receiving counsel does not prohibit the trial court from imposing a fine. *Heddleson* at ¶ 13, citing *State v. Weyand*, 7th Dist. No. 07-CO-40, 2008-Ohio-6360, ¶ 16 ("the ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer at the onset of criminal proceedings."). Here, the trial court concluded that appellant did have the present and future ability to pay the fine, noting that appellant was a "very intelligent young man." (July 28, 2014 Tr. 13.) We cannot say that the trial court abused its discretion in making that finding.

### b. Appellant's OVI Conviction Fine

{¶ 42} Pursuant to R.C. 4511.19(G)(1)(a)(iii), a fine of no less than $375 and no more than $1,075 is required to be imposed upon an OVI conviction. The provision in R.C. 2929.18(B)(1) that allows for the waiver of a fine only applies to fines described in that division. Because appellant's mandatory fine for his OVI conviction is set forth in R.C. 4511.19, not R.C. 2929.18(B)(1), that provision does not allow for the waiver of that fine. Appellant has not provided any other statutory support for the waiver of such a fine. Thus, the trial court did not abuse its discretion when it declined to waive the mandatory fines in this case. We overrule appellant's third assignment of error.

### 3.  Appellant's Sentence for his OVI conviction

{¶ 43} Appellant alleges in his fifth assignment of error that the trial court improperly ordered his OVI sentence to be served consecutively to the sentences he received for his felony convictions in the same case in violation of R.C. 2929.41(A) and (B).

{¶ 44} In addressing this alleged error, the state notes that, at the sentencing hearing, the trial court ordered appellant's OVI sentence to be served concurrently with the other sentences.  (July 28, 2014 Tr. 12.)  In the sentencing entry, however, that sentence was ordered to be served consecutively to the other sentences.  Because of this discrepancy, and because the case is already being remanded for the trial court to correct its sentencing entry, the state argues that we should also remand the case for the trial court to resolve the discrepancy.  We agree.  Accordingly, on remand, the trial court shall resolve the discrepancy between the sentence it imposed at sentencing versus the sentence reflected in its sentencing entry.  This, however, must be done at a new sentencing hearing.  *State v. Jordan*, 10th Dist. No. 05AP-1330, 2006-Ohio-5208, ¶ 47-49 (noting that "[A] trial court errs when it issues a judgment entry that imposes a sentence that differs from the sentence the trial court announced at a sentencing hearing in the defendant's presence. * * * Such error requires a remand for resentencing."); *State v. Williams*, 7th Dist. No. 11 MA 131, 2012-Ohio-6277, ¶ 52-58.  Accordingly, we sustain appellant's fifth assignment of error and remand the matter for resentencing.

### 4.  Were Appellant's Sentences Contrary to Law?

{¶ 45} Last, appellant alleges in his sixth assignment of error that the sentences he received in case Nos. 14AP-661 and 14AP-660 were contrary to law and an abuse of discretion.  We disagree.

{¶ 46} First, we reject appellant's request for this court to review the trial court's sentence for an abuse of discretion. That is not our standard of review. Instead, we must determine whether clear and convincing evidence establishes that a felony sentence is contrary to law. A sentence is contrary to law when the trial court failed to apply the appropriate statutory guidelines.  *State* v. *Davidek*, 10th Dist. No. 12AP-1009, 2013-Ohio-3831, ¶ 6.

{¶ 47} A court sentencing an offender for a felony must be guided by the overriding purposes of felony sentencing. R.C. 2929.11(A). "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to achieve those purposes, the court must consider the need for incapacitating the offender, deterring future crime, rehabilitating the offender, and making restitution. *Id.*

{¶ 48} Besides being reasonably calculated to achieve the two overriding purposes of felony sentencing as set forth above, a sentence imposed for a felony must also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 49} The sentencing court must also consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *State v. Arnett*, 88 Ohio St.3d 208, 213 (2000).

{¶ 50} In regard to R.C. 2929.11(A) and (B), appellant argues that the trial court failed to take into account the burden his sentence would have on government resources and that the trial court's sentence was neither consistent with nor proportional to his offenses or cases involving similar offenses. He also argues that the trial court did not properly consider or weigh the R.C. 2929.12 factors. We disagree.

{¶ 51} First, the trial court noted in its sentencing entries that it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors in R.C. 2929.12. That language in a judgment entry belies a defendant's claim that the trial court failed to consider the purposes and principles in sentencing, pursuant to R.C. 2929.11(A), and the R.C. 2929.12 factors regarding recidivism and the seriousness of the offense. *State v. Foster*, 10th Dist. No. 12AP-69, 2012-Ohio-4129, ¶ 15; *State v. Small*, 10th Dist. No. 09AP-1175, 2010-Ohio-5324, ¶ 16; *State v. Saur*, 10th Dist. No. 10AP-1195, 2011-Ohio-6662, ¶ 40. We further note that appellant's sentences fall within the applicable

range of sentences for his convictions. *See Davidek* at ¶ 7 (sentence that fell within the authorized statutory range for offense is not contrary to law).

{¶ 52} In reality, appellant argues that the trial court improperly weighed the sentencing factors and should have given more weight to his grounds in mitigation. We disagree because " 'the trial court, in exercising its sentencing discretion, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.' " *State v. Stubbs*, 10th Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 16, quoting *State v. Todd*, 10th Dist. No. 06AP-1208, 2007-Ohio-4307, ¶ 23. While appellant disagrees with the trial court's balancing of the sentencing factors and mitigation evidence, such a disagreement does not make a sentence that falls within the applicable statutory range contrary to law. *Id.*, citing *Saur* at ¶ 48.

{¶ 53} Appellant has not demonstrated that his sentence is contrary to law. Accordingly, we overrule his sixth assignment of error.

## III. Conclusion

{¶ 54} In sum, we overrule appellant's assignments of error except for the fifth, which we sustain, and the second, which we sustain in part and overrule in part. Accordingly, we affirm in part and reverse in part the trial court's judgments and remand the matter for further proceedings in accordance with this decision.

*Judgments affirmed in part and reversed in part;*
*cause remanded for resentencing.*

BROWN, P.J., and BRUNNER, J., concur.

———————————