[Cite as *State v. Lyons*, 2024-Ohio-2820.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                                :

     Plaintiff-Appellant,                         :

                                      Nos. 23AP-194

v.                                                               :       (C.P.C. No. 22CR-3560)

John D. Lyons,                                               :         (REGULAR CALENDAR)

     Defendant-Appellee.                          :

---

D E C I S I O N

Rendered on July 25, 2024

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Michael A. Walsh*, for appellant.

**On brief:** [*Mitchell A. Williams*], Public Defender, and *Robert D. Essex*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to a guilty plea to operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them ("OVI"), in violation of R.C. 4511.19, a fourth-degree felony, entered by appellee John D. Lyons. For the reasons that follow, we vacate the judgment of the trial court and remand the matter for further proceedings.

## I. Facts and Procedural History

{¶ 2} On December 6, 2022, appellee pled guilty to one count of felony OVI, in violation of R.C. 4511.19, a fourth-degree felony. The guilty plea arose out of an incident which occurred on June 4, 2022.

{¶ 3} On February 27, 2023, a sentencing hearing was held pursuant to R.C. 2929.19. At the hearing, the court announced on the record "I waived the mandatory fine since he [appellee] completed the affidavit of indigency for a mandatory fine. But he has to pay court costs." (Feb. 27, 2023 Sentencing Tr. at 12.) Appellant responded that it believed that the court was still required to impose the mandatory fine. Although a sidebar was then held by the court, no further comment on the issue was made by the trial court on the record.

{¶ 4} On February 28, 2023, the trial court issued a judgment entry which states "Defendant is declared indigent. Court costs are to be paid in the amount to be determined. Fines are waived." (Feb. 28, 2023 Jgmt. Entry at 2.)

{¶ 5} This timely appeal followed.

## II. Assignment of Error

{¶ 6} Appellant asserts the following as its sole assignment of error for our review:

THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW.

## III. Discussion

{¶ 7} In its sole assignment of error, appellant asserts the trial court erred in waiving the mandatory fine required to be imposed by R.C. 4511.19(G)(1)(d)(iii), 2929.18(B)(3), and 2929.19(C)(2), and further erred in failing to note the mandatory term of incarceration in its sentencing entry. Appellee has conceded the assigned error of the trial court on these issues.

{¶ 8} We review felony sentences pursuant to R.C. 2953.08. When it is shown by clear and convincing evidence that the trial court imposed a sentence that is contrary to law, we "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2).

{¶ 9} Upon our review, we agree with appellant and find that the trial court imposed a sentence contrary to law. Specifically, the trial court erred in waiving the

mandatory fine and further erred in failing to note the mandatory term of incarceration. We thus find the judgment must be vacated and the matter remanded for resentencing so the trial court may impose the mandatory fine and further notate the mandatory jail sentence. We further find that the trial court should specify in its judgment entry that the mandatory sentence is to be served in a halfway house, as permitted by R.C. 2929.13(G)(1).

{¶ 10} Accordingly, appellant's sole assignment of error is sustained.

## IV. Disposition

{¶ 11} Having sustained appellant's sole assignment of error, we vacate the judgment of the Franklin County Court of Common Pleas and remand this matter for further proceedings consistent with this decision.

*Judgment vacated;*
*cause remanded with instructions.*

JAMISON and LELAND, JJ., concur.

———————————