[Cite as *State v. Solomon*, 2025-Ohio-5423.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellant,                     :

                                                        No. 25AP-474

v.                                                          :       (C.P.C. No. 25CR-1024)

Renee L. Solomon,                              :       (REGULAR CALENDAR)

      Defendant-Appellee.                     :

---

D E C I S I O N

Rendered on December 4, 2025

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Michael A. Walsh*, for appellant.

**On brief:** *Phillip A. Templeton*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals the sentence imposed on Renee L. Solomon by the Franklin County Court of Common Pleas in this case, asserting that it is contrary to law.

{¶ 2} On June 4, 2025, Solomon entered a negotiated plea of guilty to a fourth-degree felony count of operating a motor vehicle under the influence, in violation of R.C. 4511.19. The trial court accepted Solomon's plea of guilty, accepted the state's application to nolle prosequi a second charge, and proceeded immediately to sentencing. The trial court imposed a risk reduction sentence of a three-year community control sanction, including a 60-day jail sentence and additional special conditions to be monitored by the adult probation department. The trial court also "considered the Defendant's present and future ability to pay a fine and financial sanctions" and pursuant to R.C. 2929.18 ordered

that no fine or court costs be imposed, as "Defendant is declared indigent." (June 5, 2025 Jgmt. Entry at 2.)

{¶ 3} At sentencing, the state objected "to waiving the fine in the OVI," but the trial court simply responded "I got you. Your objection was noted and ignored." (June 4, 2025 Tr. at 12.) The state has now appealed, contending that the trial court erred "by waiving the mandatory fine when sentencing a person convicted of fourth-degree felony OVI." (Brief of Appellant at iv.)

{¶ 4} A prosecuting attorney may appeal a felony sentence if the sentence is contrary to law. R.C. 2953.08(B)(2). "When it is shown by clear and convincing evidence that the trial court imposed a sentence that is contrary to law," this court " 'may increase, reduce, or otherwise modify a sentence that is appealed under' " R.C. 2953.08, " 'or may vacate the sentence and remand the matter to the sentencing court for resentencing.' " *State v. Lyons*, 2024-Ohio-2820, ¶ 8 (10th Dist.), quoting R.C. 2953.08(G)(2). When reviewing a trial court's decision regarding mandatory fines, "an appellate court must first examine the sentencing court's compliance with applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *State v. Smith*, 2017-Ohio-7740, ¶ 44 (10th Dist.).

{¶ 5} In *Lyons*, this court reviewed a state appeal regarding the trial court's judgment waiving the fine "required to be imposed by R.C. 4511.19(G)(1)(d)(iii), 2929.18(B)(3), and 2929.19(C)(2) . . . ." *Lyons* at ¶ 7. We noted that the state had properly objected to the trial court's waiver by stating on the record that it "believed that the court was still required to impose the mandatory fine," *id.* at ¶ 3, and concluded that the trial court had indeed erred and imposed a sentence contrary to law by "waiving the mandatory fine . . . ." *Id.* at ¶ 9. Accordingly, we vacated the judgment and remanded the case to the trial court, in part "so that the trial court may impose the mandatory fine . . . ." *Id. See also State v. Small,* 2015-Ohio-3640, ¶ 42 (10th Dist.) (holding that "R.C. 2929.18(B)(1) . . . only applies to fines described in that division [and the] mandatory fine for his OVI conviction is set forth in R.C. 4511.19 . . . [R.C. 2929.18(B)(1)] . . . does not allow for the waiver of that fine").

{¶ 6} *Lyons* and *Small* are functionally identical to this situation, and we have been given no reason to depart from our precedent. Moreover, the state's brief establishes that

the rule we applied in those cases prevails in other appellate districts. (*See* Brief of Appellant at 10-13 (citing and discussing cases).) Accordingly, given the record before us, we conclude that the trial court clearly and convincingly erred by waiving the statutorily mandated fine for a fourth-degree felony OVI conviction in this case. As we did in *Lyons*, we conclude that the trial court's sentence must be vacated "and the case remanded for resentencing so that the trial court may impose the mandatory fine . . . ." *Lyons* at ¶ 9. We therefore sustain the state's sole assignment of error, vacate the trial court's judgment, and remand this case to that court for further proceedings.

*Judgment vacated*;
*cause remanded with instructions*.

DORRIAN and MENTEL, JJ., concur.

———————————