[Cite as *State v. Vanvalkenburg*, 2025-Ohio-5580.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellant<br><br>-vs-<br><br>PAUL E. VANVALKENBURG,<br><br>    Defendant – Appellee | Case No. 2025 CA 0067<br><br>Opinion And Judgment Entry<br><br>Appeal from the Licking County Court of Common Pleas, Case No. 2025 CR 00405<br><br>Judgment:  Vacated and Remanded<br><br>Date of Judgment Entry: December 15, 2025 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** JENNY WELLS, Prosecuting Attorney, TYLER J. MCCOY, Assistant Prosecuting Attorney, for Plaintiff-Appellant; MICHAEL ROGERS, for Defendant-Appellee.

*Baldwin, P.J.*

{¶1}    Appellant State of Ohio appeals the sentence imposed by the trial court following appellee Paul Vanvalkenburg's plea of guilty to one count of OVI Impaired and one count of OVI Per Se.  For the reasons that follow, we vacate the sentence and remand the matter to the trial court for re-sentencing.

**STATEMENT OF FACTS AND THE CASE**

{¶2}    On July 17, 2025, the appellee was indicted on the following: Count One, Operating [a] Vehicle Under the Influence of Alcohol or Drugs – OVI Impaired in violation of R.C. 4511.19(A)(1)(a); Count Two, Operating [a] Motor Vehicle Under the Influence of Alcohol or Drugs – OVI Per Se in violation of R.C. 4511.19(A)(1)(d); and, Count Three,

Repeat OVI Offender Specification – Mandatory Additional Prison Term for Felony OVI Violation – Five Prior OVI Convictions in Previous 20 Years in violation of R.C. 2941.1413(A)(1). Due to the appellee's prior OVIs, Counts One and Two were felonies of the fourth degree. The appellee pleaded not guilty to all charges at his July 22, 2025, arraignment.

{¶3} The parties subsequently entered into a plea agreement. On August 29, 2025, the appellee pleaded guilty to Counts One and Two, including the fact that he had at least five prior OVI convictions in the last twenty years; the appellant dismissed Count Three. The trial court engaged in the requisite Crim.R. 11 colloquy, accepted the appellee's guilty plea, and proceeded to sentencing. The trial court merged Counts One and Two, and imposed a twenty-four month prison sentence upon the appellee. In addition, the court imposed a fine of $1,350.00, and "waive[d] it because [the appellee] won't be able to pay it" due to his incarceration. When the appellant noted that the fine "can't be waived for the OVI," the court stated, "[I]f he's indigent, it can. Uh -- I've imposed it, but I'm going to waive it based upon his status." The trial court thereafter issued a Judgment of Conviction and Sentence in which it imposed "Financial Sanctions" of $1,350.00, citing R.C. 2929.18, and waived it "due to the Defendant's inability to pay."

{¶4} The appellant filed a timely appeal, and sets forth the following sole assignment of error:

{¶5} "I. THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW: (1) THE TRIAL COURT IMPROPERLY WAIVED THE MANDATORY FINE OF $1540 TO $10,500 IN THE ABOVE-REFERENCED FELONY OVI CASE IN VIOLATION OF R.C.

4511.19(G)(1)(d)(iii); (2) THE TRIAL COURT MISSTATED THE MANDATORY FINE AMOUNT FOR A FELONY OVI IN ITS SENTENCING JUDGMENT ENTRY."

## STANDARD OF REVIEW

{¶6}    Felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings*, 2014-Ohio-2322, ¶ 20 (6th Dist.). An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *State v. Marcum*, 2016-Ohio-1002, ¶ 23. "Clear and convincing evidence is that measure or degree of proof which is  more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954). Thus, we may vacate or modify the appellant's sentence only if we find by clear and convincing evidence that the record does not support it.

## ANALYSIS

{¶7}    The appellee pleaded guilty to two counts of operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a) and (d), which provides:

(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

(a)    The person is under the influence of alcohol, a drug of abuse, or a combination of them.

*    *    *

(d)    The person has a concentration of eight-hundredths of one

gram or more but less than seventeen-hundredths of one gram by weight

of alcohol per two hundred ten liters of the person's breath.

In addition, the appellee conceded at his sentencing hearing that he had five prior OVI

convictions within the preceding 20 years.

{¶8}    R.C. 4511.19(G) addresses sentencing for OVI offenses, and states in

pertinent part:

(G)(1) Whoever violates any provision of divisions (A)(1)(a) to (i) or

(A)(2) of this section is guilty of operating a vehicle under the influence of

alcohol, a drug of abuse, or a combination of them. Whoever violates

division (A)(1)(j) of this section is guilty of operating a vehicle while under

the influence of a listed controlled substance or a listed metabolite of a

controlled substance. The court shall sentence the offender for either

offense under Chapter 2929. of the Revised Code, except as otherwise

authorized or required by divisions (G)(1)(a) to (e) of this section:

*    *    *

(d)    Except as otherwise provided in division (G)(1)(e) of this

section, an offender who, within ten years of the offense, previously has

been convicted of or pleaded guilty to three or four violations of division (A)

of this section or other equivalent offenses, an offender who, within twenty

years of the offense, previously has been convicted of or pleaded guilty to

five or more violations of that nature, or an offender who previously has

been convicted of or pleaded guilty to a specification of the type described in section 2941.1413 of the Revised Code, is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:

(i)     If the sentence is being imposed for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or, in the discretion of the court, either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type. If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the offense. If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the

Revised Code. If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

\*          \*          \*

(iii)    In all cases, notwithstanding section 2929.18 of the Revised Code, a fine of not less than one thousand five hundred forty nor more than ten thousand five hundred dollars;

Despite the General Assembly's use of the word "shall" in R.C. 4511.19(G)(1), the trial court waived the fine imposed upon the appellee, stating that it had imposed a fine of $1,350.00 but chose to waive it pursuant to 2929.18.

{¶9}   The issue of whether a trial court may waive the fine in a felony OVI case was addressed by the court in *State v. Wright,* 137 Ohio App.3d 737 (11th Dist. 2000):

In his third and final assignment of error, appellant maintains that the trial court abused its discretion when it imposed the minimum mandatory fine for driving under the influence of alcohol. According to appellant, after he filed his affidavit of indigency, the trial court should have conducted a hearing to consider his claim. Appellant further believes that after conducting such a hearing, the trial court should have made an affirmative determination of appellant's ability to pay the fine, and if it were determined that appellant lacked the ability to pay, the $750 fine should have been waived.

Again, this court has recently addressed the precise issue appellant now raises on appeal. See *State v. Suchevits* (Dec. 17, 1999), Lake App. No. 98-L-205, unreported, 1999 WL 1313644; *Cottrell, supra*; *State v. Spinelli* (July 23, 1999), Lake App. No 98-L-093, unreported, 1999 WL 562676.

In each of the above decisions, we determined that there was no ambiguity in either R.C. 4511.99(A)(4) or 2929.18(B)(3) with respect to the trial court's duty to impose the mandatory fine for a violation of R.C. 4511.19(A)(1). As a result, we held that a trial court has no discretion to waive the fine associated with a fourth degree felony conviction for driving under the influence of alcohol or drugs. *Suchevits* at 1-2; *Cottrell* at 1-5; *Spinelli* at 2.

The touchstone of our analysis focused on the exclusive power held by the General Assembly to prescribe punishment for crimes committed in Ohio. *State v. Rush* (1998), 83 Ohio St.3d 53, 57, 697 N.E.2d 634. Due to its plenary power over such matters, we concluded that when the General Assembly had "intended to allow for the possibility that a mandatory fine could be waived, the legislature included language to that effect in the relevant statutory division itself." *Suchevits* at 9. See, also, R.C. 2929.18(B)(1), which governs the imposition of fines for all first-, second-, and third-degree felony violations of Chapters 2925 (drug offenses), 3719 (controlled substances), and 4729 (pharmacists; dangerous drugs). However, in those situations where waiver language was not included, a

sentencing court has no authority to deviate from the statutory requirements and is required to impose at least the minimum mandatory fine.

As was the case in *Suchevits, Cottrell,* and *Spinelli,* a review of the applicable statutes in the instant matter discloses no language regarding the waiver of the mandatory fine due to a defendant's indigence or, for that matter, any other reason. Although the trial court could have fined appellant as much as $10,000, it elected to impose the minimum amount in accordance with R.C. 4511.99(A)(4). Therefore, based on the authority of our prior decisions in the above cases, we conclude that appellant's third assignment of error is without merit.

*Id.* at 741-742. The *Wright* court thus held that the imposition of a fine in a felony OVI case was mandatory, and could not be waived by the trial court.

{¶10} More recently, the court in *State v. Lyons,* 2024-Ohio-2820 (10th Dist.) addressed waiver of the fine in an OVI case, stating:

In its sole assignment of error, appellant asserts the trial court erred in waiving the mandatory fine required to be imposed by R.C. 4511.19(G)(1)(d)(iii), 2929.18(B)(3), and 2929.19(C)(2), and further erred in failing to note the mandatory term of incarceration in its sentencing entry. Appellee has conceded the assigned error of the trial court on these issues.

We review felony sentences pursuant to R.C. 2953.08. When it is shown by clear and convincing evidence that the trial court imposed a sentence that is contrary to law, we "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the

sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2).

Upon our review, we agree with appellant and find that the trial court imposed a sentence contrary to law. Specifically, the trial court erred in waiving the mandatory fine and further erred in failing to note the mandatory term of incarceration. We thus find the judgment must be vacated and the matter remanded for resentencing so the trial court may impose the mandatory fine and further notate the mandatory jail sentence. We further find that the trial court should specify in its judgment entry that the mandatory sentence is to be served in a halfway house, as permitted by R.C. 2929.13(G)(1).

*Id.* at ¶¶8-10. See, also, *State v. Solomon,* 2025-Ohio-5423 (10th Dist.) ("…we conclude that the trial court clearly and convincingly erred by waiving the statutorily mandated fine for a fourth-degree felony OVI conviction in this case. As we did in *Lyons,* we conclude that the trial court's sentence must be vacated 'and the case remanded for resentencing so that the trial court may impose the mandatory fine….' ") We find the reasoning set forth in the *Wright*, *Lyons*, and *Solomon* opinions persuasive.

{¶11} In the case sub judice, the trial court not only imposed a fine that was not in compliance with the minimum parameter set forth in the applicable statute, it then proceeded to waive that fine despite the mandatory language contained in the statute. We therefore find that, based upon the language of R.C. 4511.19(G)(1)(d)(iii) and the General Assembly's use of the word "shall" therein, the trial court did not have discretion to waive the fine associated with the appellee's two fourth-degree felony convictions for

driving under the influence of alcohol or drugs, and is required to impose a fine of not less than $1,540.00 nor more than $10,500.00.[1]

## CONCLUSION

**{¶12}** Based upon the foregoing, we sustain the appellant's sole assignment of error, vacate the trial court's judgment, and remand this case to the trial court for further proceedings consistent with this decision.

**{¶13}** Costs divided equally between appellant and appellee.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.

---

[1] The appellee submits in his Brief that we should remand the matter to the trial court not only for resentencing, but also for consideration of whether R.C. 4511.19(G)(1)(d)(iii) is unconstitutional as applied to the appellee. However, the appellee did not file a cross-appeal in order to raise the constitutionality issue herein, nor was it raised at the sentencing hearing. As such, we decline to address it in this opinion.